UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SABIR AL-MANSUR,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BARRY GROSS, individually, GROSS MORTGAGE CORPORATION, CONTRACTORS CAPITAL CORPORATION, and DOES 1 through 200 inclusive,<br><br>　　　　Defendants. | Case No: C 12-5535 SBA<br><br>**ORDER**<br><br>Docket 12 |

The parties are presently before the Court on pro se Plaintiff Sabir Al-Mansur's ("Plaintiff") motion to recuse or disqualify the undersigned under 28 U.S.C §§ 144 and 455(a). Dkt. 12. No Defendant has filed a response to the motion. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's motion, and DISMISSES this action for lack of subject matter jurisdiction, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.   BACKGROUND**

The instant action arises out of unlawful detainer actions filed against Plaintiff in the Alameda County Superior Court concerning real property located at 2421 Market St., Oakland, CA 94607 (the "Property"). See Compl., Dkt. 1. On October 31, 2012, Plaintiff filed a first amended complaint ("FAC") against Defendants Barry Gross, Gross Mortgage

Corporation, and Contractor Capital Corporation (collectively, "Defendants") alleging one claim for declaratory relief. Dkt. 10.

The FAC alleges that Defendants have filed several "Unlawful Detainer Claims" against Plaintiff "misapplying Cal. Code of Civ. Procedure 1161(a)." FAC at 6. By this action, Plaintiff seeks: (1) "an affirmative determination" that Defendants "misapplied" Cal. Code Civ. Proc. §§ 1161 and 1161(a) "to pursue their Unlawful Detainer action incorrectly"; (2) "an affirmative determination that [he] is a homeowner and not a tenant"; (3) an order vacating "all orders, judgments, rulings, writs, and determinations in all Unlawful Detainer complaints filed by Defendants, Gross Mortgage against [him] . . . pursuant to 1161(a) in the following Case Numbers: RG11602224 and RG11610380, with prejudice"; (4) an injunction preventing Defendants from initiating "further Unlawful Detainer actions against the subject property owned by [him]"; and (5) an order "[n]otify[ing] the Alameda County Superior Court and the Alameda County Sheriff['s] Department to immediately dismiss Case Numbers RG11602224 and RG11610380 and Sheriff Writ Number 20120099649, with prejudice." Id. at 7.

## II. DISCUSSION

### A. Motion to Recuse or Disqualify

Plaintiff contends that recusal or disqualification of the undersigned from presiding over the instant action is appropriate for four reasons. First, Plaintiff argues that the undersigned has a personal bias or prejudice against him because the undersigned issued an order[1] remanding an unlawful detainer action (C 12-4681-SBA) improperly removed to this Court by him. See Pl.'s Mtn. at 4; Pl.'s Aff. ¶ 18. Second, Plaintiff argues that the undersigned has a personal bias or prejudice against him (or at the very least a conflict of interest) because of the undersigned's previous service as an Alameda County Superior Court judge, and because of the undersigned's "affiliation" with judges of that court. See Pl.'s Mtn. at 4-5, 9-10, 15-16; Pl.'s Aff. ¶ 13. Third, Plaintiff argues that the undersigned

---

[1] See Gross Mortg. Corp. v. Al-Mansur, 2012 WL 5270052 (N.D. Cal. 2012) (Armstrong, J.)

has a personal bias or prejudice against him or in favor of the Defendants because the undersigned personally benefits by ruling in favor of unlawful detainer plaintiffs, banks, and other financial institutions that are investors in CalPERS. See Pl.'s Mtn. at 11-12; Pl.'s Aff. ¶ 19. Fourth, Plaintiff argues that recusal or disqualification is appropriate because the undersigned's handling of the prior unlawful detainer action "flagrantly violated Canons 1-3 of the Federal Code of Judicial Conduct." See Pl.'s Mtn. at 17-19.

### 1. Legal Standards

A party may move to recuse a judge from presiding over a case pursuant to 28 U.S.C. § 144 and/or 28 U.S.C. § 455. Section 144 provides for recusal where a party files a "timely and sufficient affidavit" averring that the judge before whom the case is pending "has a personal bias or prejudice" either against the party or in favor of any adverse party. 28 U.S.C. § 144. The affidavit must state the facts and reasons for such belief and "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." Id.

A judge finding a § 144 motion timely and the affidavit legally sufficient must proceed no further and another judge must be assigned to hear the matter. 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999). If the judge finds that the affidavit is legally insufficient, recusal is simply denied. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

"An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Sibla, 624 F.2d at 868 (affidavit inadequate when based on conclusions and devoid of specific factual allegations tending to show personal bias stemming from an extrajudicial source). "Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial." United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992).

By contrast, § 455 provides broader grounds for disqualification, requiring a judge to disqualify herself in any proceeding in which her "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455 further provides that the judge shall disqualify herself where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The decision regarding disqualification under § 455 is made by the judge whose impartiality is at issue. In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994). In analyzing § 455(a) disqualification motions, the question is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." Clemens v. U.S. Dist. Court for Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005).

The substantive standard used to review motions for recusal under § 144 and § 455 is the same where the party does not allege grounds for recusal other than those relating to bias or prejudice. See Sibla, 624 F.2d at 867; Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). The standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Pesnell, 543 F.3d at 1043.

### 2. Recusal Under 28 U.S.C. § 144

Recusal is warranted under § 144 where a party files a "timely and sufficient affidavit" averring that the judge before whom the case is pending "has a personal bias or prejudice" either against the party or in favor of any adverse party. 28 U.S.C. § 144. The affidavit must state the facts and reasons for such belief and "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." Id.

Here, Plaintiff's motion is accompanied by an affidavit and a document titled "Attorney's Certificate of Good Faith," which states that "as counsel of record" Plaintiff certifies that his "Motion to Recuse and Affidavit in support thereof are both submitted in good faith." Dkt. 12. While some courts have concluded that an individual proceeding pro se cannot proceed under § 144 because he cannot submit a certificate of counsel, and other courts have ruled that the affidavit of any counsel who is a member of the bar may sign the

certificate of good faith, see Jimena v. UBS AG Bank, 2010 WL 2650714, at *3 (E.D. Cal. 2010) (citing cases), the Court finds it unnecessary to determine whether these cases have properly interpreted the statute. Even assuming for the sake of argument that Plaintiff has complied with the procedural requirements of § 144, Plaintiff's affidavit is substantively insufficient. Below, the Court addresses the grounds for recusal offered by Plaintiff.

First, Plaintiff alleges bias and prejudice stemming from a judicial action taken by the undersigned; namely, the issuance of an order remanding an unlawful detainer action improperly removed to this Court by Plaintiff. See Gross Mortg. Corp. v. Al-Mansur, 2012 WL 5270052 (N.D. Cal. 2012) (Armstrong, J.). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see also Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) (allegations of bias or prejudice that stem entirely from a judge's adverse rulings are not an adequate basis for recusal); Sibla, 624 F.2d at 867 (holding that "[a]n affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source"). Plaintiff has not alleged any facts demonstrating that a reasonable person with knowledge of all the facts would conclude that the undersigned's impartiality might reasonably be questioned based on the Court's remand order.

Second, Plaintiff has not shown that the undersigned's previous service as an Alameda County Superior Court judge or her "affiliation" with judges of that court is a proper basis for recusal. In this regard, Plaintiff alleges that the undersigned's "affiliation" with the judges of the Alameda County Superior Court,[2] and conduct in "formerly presiding over Unlawful Detainer proceedings in that Court . . . gives more than an appearance of

---

[2] Plaintiff asserts that the undersigned's "affiliation" with Alameda County Superior Court Judge Wynne Carville gives the appearance of bias because he was one of the Plaintiff's in Gross Mortg. Corp. v. Al-Mansur, 2012 WL 5270052 (N.D. Cal. 2012) (Armstrong, J.) Pl.'s Mtn. at 2-3. A review of the record in that case reveals that Plaintiff filed a cross-complaint against Judge Wynne Carville. See C 12-4681-SBA, Dkt. 3. Thus, Judge Wynne Carville was a cross-defendant, not a Plaintiff. Id. Plaintiff has not demonstrated that the undersigned knows or is "affiliated" with Judge Wynne Carville.

bias." Pl.'s Mtn. at 16.  However, the mere fact that the undersigned served as a judge for the Alameda County Superior Court more than 20 years ago does not establish bias against Plaintiff.  Plaintiff's vague and conclusory allegations regarding the undersigned's service as an Alameda Superior Court judge and "affiliation" with the judges of that court does not demonstrate that the undersigned's impartiality might reasonably be questioned.  Plaintiff speculates, but does not offer any evidence, showing that the undersigned has a personal bias or prejudice against him.  Recusal is not warranted on the basis of an unsubstantiated suspicion of personal bias or prejudice.  See Clemens, 428 F.3d at 1180.

Third, Plaintiff's assertion of bias and prejudice based on the undersigned's "financial interests" in the outcome of this action is not supported by specifically alleged facts demonstrating that recusal is warranted.  Plaintiff alleges that he cannot receive a fair trial in this Court because CalPERS pays for the retirement and medical plans of all California Superior Court judges (including the undersigned), and that CalPers is invested in most of the "banks that are litigating and filing Unlawful Detainer complaints."  See Pl's Mtn. at 12.  Plaintiff further alleges that "Judge's profit personally for every case that they preside over in the form of a 10 to 15 percent payment [for] each case into the CALPERS pension funds," and that "[a]ll Judges realize that each ruling or judgment against a CALPERS investor bank is a direct hit against the amount of his or her future pension."  Id. According to Plaintiff, the undersigned is biased in favor of Defendants because the undersigned benefits "by ruling in favor of Unlawful Detainer plaintiffs, banks and various other financial institutions that are investors in CalPers."  Pl.'s Aff. ¶ 19.

While the underlying actions that give rise to the instant action are unlawful detainer actions, Plaintiff has not alleged any facts showing that the undersigned has a financial interest that could be affected by the outcome of this action.  Plaintiff alleges that CalPERS pays for the retirement and medical plans of all California Superior Court Judges.  However, the undersigned is a United States District Judge, not a California Superior Court Judge.  There is no allegation or facts suggesting that CalPERS funds the retirement or medical plans of United States District Judges.

- 6 -

Moreover, even assuming that the undersigned has a retirement or medical plan funded by CalPERS, Plaintiff has not shown that CalPERS is invested in any of the named Defendants in this case. Nor has Plaintiff alleged any specific facts demonstrating that the undersigned's impartiality might reasonably be questioned because of a financial interest in the outcome of this action. Plaintiff's speculative and unsubstantiated suspicion of personal bias and prejudice does not warrant recusal. See Clemens, 428 F.3d at 1180.

Finally, Plaintiff has not demonstrated that recusal is warranted on the ground that the undersigned's handling of the prior unlawful detainer action removed to this Court by Plaintiff "flagrantly violated Canons 1-3 of the Federal Code of Judicial Conduct." Plaintiff's conclusory allegations in this regard are insufficient to support a claim of bias or prejudice such that recusal is required. Plaintiff has failed to specifically explain how the undersigned's conduct violated any canon of judicial conduct or otherwise allege any specific facts to overcome the presumption that the undersigned is impartial. See First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler, 210 F.3d 983, 988 (9th Cir. 2000) (judges "are presumed to be impartial and to discharge their ethical duties faithfully so as to avoid the appearance of impropriety").

### 3. Disqualification Under 28 U.S.C. § 455

Section 455(a) provides that "[a]ny . . . judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . . or knows that he . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(a). Because the extrajudicial source factor applies to disqualifications under §§ 455(a) and 455(b)(1), see Liteky, 510 U.S. at 551-554, the undersigned finds no reason to disqualify herself as a result of bias or prejudice arising out of the Court's remand order in the unlawful detainer action Plaintiff removed to this Court, for the reasons discussed above. Further, for the reasons stated above addressing disqualification apart from the extrajudicial source factor,

the Court finds that Plaintiff has failed to articulate a sufficient basis for disqualification under § 455.  Plaintiff has not alleged specific facts showing that a reasonable person with knowledge of all the facts would perceive a significant risk that the undersigned will resolve the case on a basis other than the merits.

### B. Subject Matter Jurisdiction

Federal courts have a duty to examine their jurisdiction *sua sponte* before proceeding to the merits of a case.  See S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed.R.Civ.P. 12(h)(3).

"The Rooker-Feldman doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts."  Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012).  The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the "de facto equivalent" of such an appeal.  Noel v. Hall, 341 F.3d 1148, 1155 (9th Cir. 2003). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.' "  Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013); see also Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) (the Rooker-Feldman doctrine applies where a party is asserting as his injury legal error or errors by the state court, and is seeking as his remedy relief from the state court judgment).

If a plaintiff brings "a forbidden de facto appeal," such that the Rooker-Feldman doctrine applies, the doctrine not only prohibits the plaintiff from litigating the de facto appeal, but also any issue that is "inextricably intertwined" with the state court's judgment.  Bell, 709 F.3d at 897.  A claim is "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it," i.e., "[w]here federal relief can only be predicated upon a conviction that the state court was wrong."  Cooper, 704 F.3d at 779; see also Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (providing that claims are " 'inextricably intertwined' with the state

court's decision" if "the adjudication of . . . [such] claims would undercut the state ruling"). In analyzing the applicability of the Rooker-Feldman doctrine, the court "pay[s] close attention to the relief sought by the federal court plaintiff," as the doctrine precludes the adjudication of a claim that seeks an "undoing" of the prior state court judgment. Bianchi, 334 F.3d at 900.

Here, the FAC alleges that Defendants filed "several identical Unlawful Detainer Claims [against Plaintiff] misapplying [state law]." FAC at 6. Although not entirely clear, Plaintiff appears to contend that Defendants lacked a legal basis for prosecuting the underlying unlawful detainer actions because he is a homeowner, not a tenant. As his remedy, Plaintiff requests that the Court make an affirmative determination that the Defendants wrongfully prosecuted the underlying unlawful detainer actions based on a misapplication of state law. Plaintiff also seeks the following relief: (1) an order vacating "all orders, judgments, rulings, writs, and determinations in all Unlawful Detainer complaints filed by Defendants . . . against [him] . . . pursuant to 1161(a) in the following Case Numbers: RG11602224 and RG11610380, with prejudice"; (2) a declaration that he is a homeowner, not a tenant; (3) an injunction preventing Defendants from prosecuting further unlawful detainer actions against the Property; and (4) an order "[n]otify[ing] the Alameda County Superior Court and the Alameda County Sheriff['s] Department to immediately dismiss Case Numbers RG11602224 and RG11610380 and Sheriff Writ Number 20120099649, with prejudice." Id. at 7.

The Court finds that the Rooker-Feldman doctrine applies and precludes the Court from exercising subject matter jurisdiction over the instant action. Plaintiff's declaratory relief claim is barred under the Rooker-Feldman doctrine because Plaintiff seeks relief from "all orders, judgments, rulings, writs, and determinations" issued in the underlying state court unlawful detainer actions. The decisions of the state court in those actions constitute the injury about which Plaintiff complains; he seeks to have this Court review and reject those decisions and to issue an order "notifying" the state court to dismiss the underlying unlawful detainer actions and the Sheriff's writ. Thus, to the extent Plaintiff seeks relief

from allegedly erroneous state court "orders, judgments, rulings, writs, and determinations," this action involves "a forbidden de facto appeal."

As for the other issues raised in the FAC, the Court finds that they are also barred by the Rooker-Feldman doctrine because they are "inextricably intertwined" with the state court judgments. The Court cannot grant the relief Plaintiff seeks without "undoing" the decisions of the state court. Indeed, if the Court were to find that the Defendants lacked a legal basis to prosecute the underlying unlawful detainer actions as Plaintiff contends, the Court would have to find that the state court wrongly decided the issues before it. Accordingly, the Court concludes that it lacks subject matter jurisdiction to consider Plaintiff's declaratory relief claim. Therefore, this action is DISMISSED. Because granting leave to amend would be futile, dismissal is without leave to amend.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to recuse or disqualify is DENIED.

2. This action is DISMISSED without leave to amend for lack of subject matter jurisdiction.

3. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 6/20/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SABIR AL-MANSUR,

        Plaintiff,

  v.

BARRY GROSS et al,

        Defendant.
_____/

Case Number: CV12-05535 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 20, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sabir Al-Mansur
2419 Market Street
Oakland, CA 94607

Dated: June 20, 2013

                          Richard W. Wieking, Clerk

                                  By: Lisa Clark, Deputy Clerk